IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YOSEMIT MARRERO, on behalf of himself and others similarly situation,<br><br>    Plaintiff,<br><br>v.<br><br>RICHARD LUNDGREN INC. d/b/a LUNDGREN HONDA OF AUBURN and REACHLOCAL, INC. d/b/a LOCALIQ,<br><br>    Defendants. | C.A. No. 4:25-cv-13925<br><br>**JURY TRIAL DEMANDED** |

## ANSWER TO CLASS ACTION COMPLAINT

### Preliminary Statement

Defendants, Richard Lundgren Inc d/b/a Lundgren Honda of Auburn and ReachLocal, Inc. d/b/a LocaliQ ("Defendants"), by counsel, now answer the Complaint filed by Yosemit Marrero, on behalf of himself and others similarly situated ("Plaintiff"). For convenience, the allegations of the Complaint are set forth verbatim below with Defendants' responses immediately following each allegation.

1.  Plaintiff Yosemit Marrero ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

**ANSWER:** Defendants admit that Plaintiff is bringing a class action under the TCPA, but deny all allegations that the Defendants engaged in any wrongful acts or omissions under the TCPA.

2. Richard Lundgren Inc ("Lundgren Honda" or "Defendant") is an automobile dealership. At all relevant times, Lundgren Honda acted through its marketing vendor and co-Defendant LocaliQ, an AI-powered digital marketing solutions provider, to send unsolicited marketing text messages to residential telephone numbers, including Plaintiff's, despite Plaintiff's telephone number being registered on the National Do Not Call Registry, thereby violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**ANSWER:** Defendants admit only that Lundgren Honda of Auburn is an automobile dealership, and that it had a contract with Defendant LocaliQ, but otherwise deny the remaining allegations of Paragraph 2.

3. The Plaintiff never consented to receive the calls, which were placed to him for telemarketing purposes. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

**ANSWER:** Defendants admit only that Plaintiff purports to bring this lawsuit as a class action, but otherwise deny the remaining allegations of Paragraph 3.

4. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**ANSWER:** Denied.

## Parties

5. Plaintiff Yosemit Marrero is a Massachusetts resident.

**ANSWER:** Defendants are without sufficient information to admit or deny and therefore deny and demand proof of same.

6. Defendant Richard Lundgren Inc is a Massachusetts corporation.

**ANSWER:** Admitted.

7. Defendant LocaliQ is a Delaware corporation.

**ANSWER:** Admitted.

## Jurisdiction & Venue

8. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services*, LLC, 132 S. Ct. 740 (2012).

**ANSWER:** Admitted.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the telemarketing calls to the Plaintiff was placed into this District.

**ANSWER:** Defendants are without sufficient information to admit or deny and therefore deny and demand proof of same.

## The Telephone Consumer Protection Act

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).]

**ANSWER:** Defendants admit the existence of all laws enacted by Congress, but deny violation of any such laws, and otherwise deny the allegations of Paragraph 10.

The National Do Not Call Registry

11. The TCPA specifically required the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

**ANSWER:** Defendants admit the existence of all laws, rules and regulations enacted by Congress and administrative agencies, but deny violation of any such laws, rules or regulations and otherwise deny the allegations of Paragraph 11.

12. The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of … company-specific 'do not call systems …)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

**ANSWER:** Defendants admit the existence of all laws, rules and regulations enacted by Congress and administrative agencies, but deny violation of any such laws, rules or regulations and otherwise deny the allegations of Paragraph 12.

13. Pursuant to this statutory mandate, the FCC established a national "do not call" database. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014* ("DNC Order").

**ANSWER:** Defendants admit the existence of a national "do not call" database, but deny violation of any rules or laws related to that database.

14. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

**ANSWER:** Defendants admit that the National Do Not Call Registry is limited to residential telephone numbers under certain conditions, and otherwise deny the allegations of Paragraph 14.

15. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

4

**ANSWER:** Defendants admit the existence of a national "do not call" database, but deny violation of any rules or laws related to that database.

16. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**ANSWER:** Defendants admit the existence of all laws, rules and regulations enacted by Congress and administrative agencies, but deny violation of any such laws, rules or regulations and otherwise deny the allegations of Paragraph 16.

**Factual Allegations**

17. Defendant LocaliQ sends marketing text messages and multimedia messages to consumers' cellular telephones on behalf of its automotive dealership clients, including Defendant Lundgren Honda of Auburn.

**ANSWER:** Admitted.

18. Defendant Lundgren Honda of Auburn, a motor vehicle dealership operating in Massachusetts, hired Defendant LocaliQ to design, manage, and transmit promotional marketing campaigns via SMS and MMS text messaging to prospective customers.

**ANSWER:** Admitted.

19. As part of this arrangement, Lundgren Honda of Auburn authorized marketing on its behalf, and LocaliQ then transmitted marketing text messages and image-based advertisements promoting Lundgren Honda of Auburn's inventory, financing offers, and sales events.

**ANSWER:** Defendants admit only that Lundgren Honda of Auburn authorized marketing on its behalf, and that LocaliQ participated in the process that ultimately led to (XXX) 615 XXXX's receipt of marketing text messages and image-based advertisements promoting

Lundgren Honda of Auburn's inventory, financing offers, and sales events, and otherwise deny the allegations of Paragraph 19.

20. They did so with Lundgren Honda of Auburn's consent.

**ANSWER:** Defendants admit only that Lundgren Honda of Auburn authorized marketing on its behalf, and that LocaliQ participated in the process that ultimately led to (XXX) 615 XXXX's receipt of marketing text messages and image-based advertisements promoting Lundgren Honda of Auburn's inventory, financing offers, and sales events, and otherwise deny the allegations of Paragraph 20.

**ANSWER:**

21. Plaintiff Yosemit Marrero's telephone number, (XXX) 615-XXXX, is a non-commercial, residential telephone number, and has been registered to the Do Not Call Registry since August 2, 2014.

**ANSWER:** Denied.

22. Plaintiff acquired that telephone number prior to the calls and texts complained of herein.

**ANSWER:** Defendants are without sufficient information to admit or deny and therefore deny and demand proof of same.

23. Plaintiff has never been a customer of either Defendant, has never purchased or leased a vehicle from either Defendant, never provided his telephone number to either Defendant, and never consented to receive marketing text messages from either Defendant.

**ANSWER:** Denied.

24. Despite that lack of consent, between approximately July 2025 and November 2025, Plaintiff received multiple unsolicited marketing text messages from telephone number +1 (508) 690-4127, advertising Lundgren Honda of Auburn.

**ANSWER:** Defendants deny the lack of consent, and admit only that (XXX) 615-XXXX received the text messages depicted in the complaint, which contain advertisements from Lundgren Honda of Auburn.

25. The text messages, which contained Lundgren Honda sales and promotional content, are attached below:





**ANSWER:** Defendants deny the lack of consent, but admit that (XXX) 615-XXXX received the text messages pictured, which contain advertisements from Lundgren Honda of Auburn.

26. By transmitting these messages from a dedicated campaign number, embedding tracking links, and including standardized opt-out language, Defendant LocaliQ directly placed, the text messages at issue.

**ANSWER:** Defendant LocaliQ admits only that it participated in the process which ultimately ended in (XXX) 615-XXXX's receipt of the aforementioned text messages, and otherwise denies the allegations of Paragraph 26.

27.     Indeed, the telephone number +1 (508) 690-4127 was used repeatedly to transmit marketing messages solely promoting Lundgren Honda of Auburn, and not any unrelated business, further demonstrating that the messages were sent as part of a coordinated marketing campaign.

**ANSWER:**     Defendants admit only that 508-690-4127 was used more than once to transmit the afore-mentioned text messages promoting Lundgren Honda of Auburn, and not any unrelated business, and otherwise deny the allegations of Paragraph 27.

28.     Defendant Lundgren Honda of Auburn is vicariously liable for LocaliQ's conduct because LocaliQ acted as Lundgren Honda of Auburn's agent in sending the text messages.

**ANSWER:**     Denied.

29.     LocaliQ expressly acted on behalf of Lundgren Honda of Auburn by transmitting messages that:

    a.     Identified Lundgren Honda of Auburn by name,

    b.     Promoted Lundgren Honda of Auburn's vehicles and financing,

    c.     Directed recipients to Lundgren Honda of Auburn's inventory,

    d.     Sought to generate leads and sales exclusively for Lundgren Honda of Auburn.

**ANSWER:**     Defendant LocaliQ admits only that it participated in the process which ultimately ended in (XXX) 615 XXXX's receipt of the aforementioned text messages, and otherwise denies the allegations of Paragraph 29.

30.     Lundgren Honda of Auburn authorized, ratified, and benefitted from LocaliQ's conduct by accepting the leads, traffic, and promotional benefits generated by the text messages.

**ANSWER:**     Defendants state only that Lundgren Honda of Auburn was the intended recipient of benefits generated by the text messages, and otherwise deny the allegations of Paragraph 30.

31. Lundgren Honda of Auburn possessed the right to control the substance, scope, timing, and objectives of the marketing campaign, including the offers promoted and the inventory advertised, satisfying the elements of an agency relationship.

**ANSWER:** Defendants admit only that Lundgren Honda of Auburn participated in the process of developing the content of text messages, and otherwise deny the allegations of Paragraph 31.

32. The text messages sent to Plaintiff were unwanted, unsolicited, and non-consensual.

**ANSWER:** Denied.

33. Plaintiff never requested the messages, never provided consent, and never had an established business relationship with Defendants that would authorize such communications.

**ANSWER:** Denied.

34. Defendants' conduct invaded Plaintiff's privacy, disrupted the quiet enjoyment of his cellular telephone, and constituted an improper intrusion upon seclusion.

**ANSWER:** Denied.

35. Plaintiff and other recipients were harmed because the messages were annoying, intrusive, and a nuisance, temporarily tying up their phones and diverting attention from legitimate uses.

**ANSWER:** Denied.

36. Defendants' conduct was willful and knowing as Defendants sent marketing text messages without first obtaining Plaintiff's prior express written consent, as required by law.

**ANSWER:** Denied.

**Class Action Statement**

37.     As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

**ANSWER:**   Defendants admit that Plaintiff is bringing a class action under the TCPA, but deny all allegations that the Defendants engaged in any wrongful acts or omissions under the TCPA, and further deny that this matter is appropriate for class certification.

38.     The Class of persons Plaintiff proposes to represent is tentatively defined as:

**LocaliQ National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of LocaliQ (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

> **Lundgren Honda of Auburn National Do Not Call Registry Sub-Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls as part of the Lundgren Honda of Auburn campaign with LocaliQ (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

**ANSWER:**   This is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations and further state that Plaintiff fails to adequately allege, as a basis for inclusion in the class, all of the legal elements necessary for any purported class member to have standing to make a claim, or to recover damages arising out of any such claim, for text messages sent to a phone number on the National Do Not Call Registry.

39.     The Class as defined above are identifiable through phone records and phone number databases.

**ANSWER:**   Denied.

40.     The potential members of the Class number is likely at least in the thousands based on the generic nature of the Defendant's telemarketing.

11

**ANSWER:** Denied.

41. Individual joinder of these persons is impracticable.

**ANSWER:** Denied.

42. The Plaintiff is a member of the Class.

**ANSWER:** Denied.

43. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    (a) whether Defendant LocaliQ systematically made multiple text messages to members of the National Do Not Call Registry Class;

    (b) whether Defendant LocaliQ sent text messages to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

    (c) Whether Defendant Lundgren Honda is directly or vicariously liable for such conduct;

    (d) whether Defendants' conduct constitutes a violation of the TCPA;

    (e) whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

**ANSWER:** Defendants deny that this action meets class certification requirements and deny all remaining allegations in Paragraph 43 and its subparts.

44. Plaintiff's claims are typical of the claims of members of the Class.

**ANSWER:** Denied.

45. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

**ANSWER:** Denied.

46. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

**ANSWER:** Denied.

47. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**ANSWER:** Denied.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

48. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

**ANSWER:** Defendants re-assert their answers to the prior allegations of this Complaint.

49. The foregoing acts and omissions of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

**ANSWER:** Denied.

50. Defendant LocaliQ violated the TCPA by sending, or causing to be sent, automated marketing text messages and multimedia messages to the cellular telephones and other protected telephone numbers of Plaintiff and members of the class without their prior express written consent.

**ANSWER:** Denied.

51.     Defendant Lundgren Honda of Auburn is directly and/or vicariously liable for the unlawful text messages Defendant LocaliQ sent because LocaliQ acted as Lundgren Honda's agent, transmitted the messages on Lundgren Honda's behalf, and Lundgren Honda authorized and benefitted from LocaliQ's conduct.

**ANSWER:**     Denied.

52.     The Defendant's violations were negligent, willful, or knowing.

**ANSWER:**     Denied.

53.     As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

**ANSWER:**     Denied.

54.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**ANSWER:**     Denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### (Failure to State a Claim – TCPA)

Plaintiff's individual and class claims fail to state a claim under the TCPA upon which relief can be granted, including but not limited to Plaintiff's failure to allege the requisite elements of a claim for text messages sent to numbers on the national do not call list, and failure to allege any damages or concrete harm resulting from receipt of the text messages alleged in the Complaint.

## SECOND DEFENSE
### (Prior Express Written Consent)

Plaintiff's claims are barred because Plaintiff provided legally sufficient consent to receive the text messages at issue.

## THIRD DEFENSE
### (Established Business Relationship)

Plaintiff's claims under 47 U.S.C. § 227(c) fail to the extent the parties had an established business relationship.

## FOURTH DEFENSE
### (Residential Number)

Plaintiff's claims under 47 U.S.C. § 227(c) are barred because his phone number (XXX) 615-XXXX does not qualify as a residential number.

## FIFTH DEFENSE
### (Safe Harbor)

Plaintiff's claims under 47 U.S.C. § 227(c) fail because Defendants have established and implemented reasonable practices and procedures to prevent telephone solicitations in violation of the FCC's do-not-call regulations.

## SIXTH DEFENSE
### (Lack of Concrete Harm – Lack of Standing)

Plaintiff cannot establish concrete harm. Plaintiff claims that the alleged texts violated Plaintiff's privacy and were "an intrusion into his life, and a private nuisance" that caused him harm. These conclusory allegations do not rise to the level of concrete harm required to confer Article III standing to sue in federal court.

## SEVENTH DEFENSE
### (Substantial Compliance & Good Faith)

Plaintiff's claims are barred as a result of Defendants' substantial compliance with the TCPA. Further, Plaintiff's claims are barred because Defendants acted in good faith and had reasonable grounds for reasonably relying upon the consent Defendants believe was obtained and believing that it acted properly with respect to the text messages at issue.

## EIGHTH DEFENSE
### (No Direct or Vicarious Liability)

Plaintiff's claims are barred to the extent he is suing over text messages which Defendants did not send and or for which they do not bear vicarious liability.

## NINTH DEFENSE
### (Attorneys' Fees)

Plaintiff is barred from recovering attorneys' fees, which are not recoverable under the TCPA. *See e.g., Griffith v. ContextMedia, Inc.*, 235 F. Supp. 3d 1032, 1035 (N.D. Ill. 2016); *Holtzman v. Turza*, 828 F.3d 606, 608 (7th Cir. 2016).

## TENTH DEFENSE
### (Violation of the Fifth and Eighth Amendments)

The statutory damages provisions of the TCPA violates the Due Process Clause under the Fifth Amendment and the Eighth Amendment to the United States Constitution. If a class were to be certified and liability were found, the statutory damages award would be grossly disproportionate to any "harm" suffered by the class members.

## ELEVENTH DEFENSE
### (Violation of the First Amendment)

The TCPA violates the First Amendment of the United States Constitution because it places unconstitutional restrictions on Defendants' constitutional rights under the Free Speech Clause. The provisions at issue are thus unenforceable.

## TWELFTH DEFENSE
### (No Personal Jurisdiction)

Personal jurisdiction in this case rests solely on specific jurisdiction. Accordingly, to the extent Plaintiff attempts to certify his putative classes as presently defined, this Court has no personal jurisdiction over Defendants relating to out-of-state class members under *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 582 U.S. 255 (2017).

## THIRTEENTH DEFENSE
### (Invited the Harm, Unclean Hands, Waiver, and Equitable Limitations)

Plaintiff's claims are barred by the doctrines of *volenti non fit injuria*, unclean hands, estoppel, laches, waiver, failure to mitigate, consent, and other equitable limitations, particularly to the extent Plaintiff intentionally invited the harm for which he now complains, delayed in bringing this case, failed to mitigate his damages, and/or contributed to the receipt of the calls at issue.

## FOURTEENTH DEFENSE
### (No Certifiable Class)

The Plaintiff's class claims are barred, in whole or in part, by Plaintiff's failure to meet the prerequisites for certification and maintenance of a class action pursuant to Fed. R. Civ. P. 23, including the elements of numerosity, commonality, typicality, adequacy of representation, predominance of common questions of law and fact over individual issues, ascertainability, and superiority over other methods of adjudication.

## FIFTEENTH DEFENSE
### (Class Defenses)

Defendants oppose class certification and dispute the propriety of class treatment. If the Court certifies a class in this case over Defendants' objections, Defendants assert the defenses set forth herein against each and every member of the certified class. Furthermore, if a class is certified

over Defendants' objections, additional defenses may exist as to individual class members, such as res judicata, class members who filed for bankruptcy, and other individual defenses not presently known but may be discoverable upon further investigation.

### SIXTEENTH DEFENSE
### (*De Minimis* Harm)

Plaintiff's alleged harm, if any, was *de minimis*, and is thus unrecoverable.

### SEVENTEENTH DEFENSE
### (Reservation of Rights)

Defendants specifically reserve the right to add additional affirmative defenses.

### JURY DEMAND

Defendants demand a trial by jury for all issues so triable.

**WHEREFORE**, Defendants pray for judgment as follows:

1. Dismissal of the Complaint in its entirety with prejudice;

2. That Plaintiff take nothing by the Complaint and that judgment be entered against Plaintiff and in favor of Defendants;

3. That Defendants be awarded their costs of suit and reasonable attorneys' fees; and

4. That the Court award Defendants such other and further relief as the Court deems just and appropriate.

Dated: February 19, 2026                                  Respectfully submitted,

/s/ *Heather B. Repicky*
Heather B. Repicky (BBO # 663347)
BARNES & THORNBURG LLP
One Marina Park Drive, Suite 1530
Boston, MA 02210
Tel: (617) 316-5317
hrepicky@btlaw.com

*Counsel for Defendants Richard Lundgren Inc. d/b/a Lundgren Honda of Auburn and ReachLocal, Inc. d/b/a LocalIQ*

**CERTIFICATE OF SERVICE**

      I certify that on February 19, 2026, this document, filed through the ECF system, will be sent electronically to the parties or their counsel who are registered participants as identified on the Notice of Electronic Filing and, if not so registered, that paper copies will be emailed to such parties or their counsel.

                                                                                 */s/ Heather B. Repicky*