**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| YOSEMIT MARRERO, on behalf of himself and others similarly situated, | : : : | |
| Plaintiff, | : : | Case No. 25-cv-13925 |
| v. | : : | |
| RICHARD LUNDGREN INC d/b/a LUNDGREN HONDA OF AUBURN and REACHLOCAL, INC. d/b/a LOCALIQ | : : : : | |
| Defendants. | : | |

**JOINT STATEMENT**

Plaintiff Yosemit Marrero ("Plaintiff") and Defendants Richard Lundgren Inc d/b/a Lundgren Honda of Auburn and Reachlocal, Inc. d/b/a LocalIQ. (together with Plaintiff, the "Parties"), through their undersigned counsel, submit this Report pursuant to Rule 16(b) and 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1.

## I.    FED. R. CIV. P. 26(F) REPORT

### A.    Nature and Basis of Claims

Plaintiff Yosemit Marrero brings this putative class action against Defendants Richard Lundgren Inc. d/b/a Lundgren Honda of Auburn ("Lundgren Honda") and ReachLocal, Inc. d/b/a LocaliQ ("LocaliQ") pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227(c), and its implementing regulations. Plaintiff alleges that Defendants initiated multiple unsolicited telemarketing text messages to Plaintiff's residential cellular telephone number despite that number having been listed on the National Do Not Call Registry for more than thirty days and throughout the relevant period. Plaintiff alleges that LocaliQ transmitted the text messages as Lundgren Honda's marketing agent and that Lundgren Honda is vicariously liable because the messages were

1

sent on its behalf and for its benefit. Plaintiff further alleges that he never provided Defendants with prior express invitation, permission, or consent to receive telemarketing text messages and that he had no established business relationship with either Defendant. Plaintiff seeks statutory damages, treble damages for alleged knowing or willful violations, injunctive relief, and class-wide relief on behalf of similarly situated consumers.

Defendants contend that the phone number at issue could only have been retrieved from a database of numbers for which consent had been given to receive marketing text message. Defendants also contend that the number at issue was not a residential phone number.  To the contrary it was a business phone number utilized by the Massachusetts limited liability company known as "Straight Shooter LLC" and, among other things, served as the sole phone number that limited liability company used to accept payment for its professional services. Assuming either of Defendants' contentions are true, they are a complete defense to Plaintiff's claims.

**B.       Possibilities of Settling or Resolving the Case**

Plaintiff made a settlement demand to Defendant on June 25, 2026. The Parties are open to mediating a resolution of this matter at the appropriate time. The Parties will continue to discuss the appropriate timing for a mediation and will apprise the Court when that time is agreed upon and if the Parties desire to be referred to a court-sponsored mediator.

**C.       Proposed Discovery Plan**

**1.   Scope, Timing, and Phasing of Discovery**

*Plaintiff's Statement*

Plaintiff anticipates discovery concerning the merits of his TCPA claims and the requirements of Rule 23. Plaintiff expects to seek discovery regarding: (1) SMS and MMS telemarketing campaigns transmitted by or on behalf of Defendants; (2) text-message transmission

records, campaign data, and messaging platform records; (3) identification of putative class members; (4) Defendants' policies, procedures, and practices concerning compliance with the TCPA and National Do Not Call Registry regulations; (5) consent records, databases, and any records reflecting prior express written consent; (6) contracts, communications, and agreements between Lundgren Honda and LocaliQ concerning the marketing campaign; (7) the nature of the agency relationship between Defendants and the authority exercised over the telemarketing campaign; (8) consumer complaints concerning the text-message campaigns; (9) Defendants' document retention policies; (10) Defendants' knowledge, intent, and willfulness regarding the conduct alleged; and (11) information relevant to class certification.

Defendants apparently intend to rely on the Seventh Circuit's recent decision in *Steidinger v. Blackstone Medical Services*. That decision is not controlling in this Court and is contrary to the overwhelming weight of authority recognizing that telemarketing text messages are "calls" under the TCPA. Long before *Steidinger*, the Supreme Court observed that "[a] text message to a cellular telephone, it is undisputed, qualifies as a 'call'" under the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016). The Ninth Circuit likewise recently reaffirmed that text messaging constitutes a "call" under the TCPA. *Howard v. Republican National Committee*, 164 F.4th 1119, 1123-24 (9th Cir. 2026). The FCC has consistently interpreted the TCPA's implementing regulations to apply equally to calls and text messages, see 47 C.F.R. § 64.1200(e), and numerous district courts have continued to apply the National Do Not Call regulations to text-message campaigns after *Loper Bright*.

Courts within the District of Massachusetts have repeatedly permitted National Do Not Call claims arising from text messages to proceed. In *Barton v. Temescal Wellness, LLC*, 525 F. Supp. 3d 195 (D. Mass. 2021), Judge Hillman held that "[t]he overwhelming weight of precedent

holds that text messages are calls for the purposes of the TCPA," relying on *Campbell-Ewald*, First Circuit authority, and decisions from multiple circuits. Likewise, in *Sagar v. Kelly Automotive Group, Inc.*, No. 21-cv-10540-PBS, 2021 U.S. Dist. LEXIS 227781 (D. Mass. Nov. 29, 2021), Judge Saris denied a motion to dismiss challenging TCPA claims based on telemarketing text messages, allowing National Do Not Call claims to proceed. More recently, Judge Kelley denied a motion to dismiss substantially identical Do Not Call text-message claims in *Novia v. Mobiz, Inc.*, No. 25-cv-11036-AK, 2026 U.S. Dist. LEXIS 55048 (D. Mass. Mar. 17, 2026). These decisions demonstrate that the judges of this District have consistently treated telemarketing text messages as actionable under the TCPA's Do Not Call provisions notwithstanding defendants' repeated statutory arguments to the contrary.

The Plaintiff also opposes bifurcated discovery because "bifurcation is ordinarily the exception and not the rule." *Simmons v. Author Reputation Press LLC*, 2025 U.S. Dist. LEXIS 50055 *2 (D. MA March 18, 2025) (Murphy, J.) (Denying request for bifurcation in TCPA case). There is significant overlap between discovery relevant to the merits of Plaintiff's individual claims and issues of class certification.  Indeed, "[class certification] analysis will frequently entail overlap with the merits of the plaintiff's underlying claim . . .  because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013) (internal citations and quotations omitted). As another Court ruled when denying a motion to bifurcate in a TCPA case:

> The Court has reviewed the parties' joint status report. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in *Walmart v Dukes* has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a

4

plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

*Katz v. Allied First Bank, SB*, No. 22-cv-5277, ECF No. 14 (N.D. Ill. Jan. 3, 2023). It's for these same reasons that Judge Joun rejected a similar bifurcation request in *Beardsley v. Resort Sales by Spinnaker, Inc. et al*, Civil Action No. 23-cv-10793, ECF No. 28 (October 5, 2023). Indeed, Judge Casper rejected a request for bifurcation in a TCPA case in October 2024 in *Menin v. Star Markets Company, Inc.*, Civil Action No. 23-cv-11918-DJC, ECF No. 58 (October 22, 2024).

*Defendants' Statement*

Defendants currently intend to file a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on or before September 4, 2026. The anticipated motion, which is dispositive with respect to Plaintiff's claims, is grounded in *Steidinger v. Blackstone Medical Srvs.*, No. 25-2398, 2026 WL 2028517 (7th Cir. July 14, 2026). In *Steidinger*, the Seventh Circuit recently held that the very section of the TCPA asserted by Plaintiff here—47 U.S.C. § 227(c)(5)—does not apply to text messages.

Defendants further recommend that this Court bifurcate discovery so that it resolves two threshold, individualized defenses specific to Plaintiff Yosemit Marrero before requiring Defendants to respond to Plaintiff's sweeping class-wide discovery demands. These dispositive defenses are: (1) whether Plaintiff provided prior express consent to receive the text messages at issue, and (2) whether the telephone number at issue is a residential line.

Defendants contend that Plaintiff's phone number could only have been obtained via a channel in which consent was given, and that Plaintiff or another user of the phone gave that consent. Defendants also contend that the phone number at issue is the phone number used by

Plaintiff's business, "Straight Shooter LLC." Straight Shooter LLC not only lists the phone number at issue as its own phone number, it also accepts payments for its professional services through that same phone number. If consent was given or if the number is not residential, Plaintiff's individual claim fails as a matter of law, mooting the need for class-wide discovery. This threshold bifurcation complies with Federal Rules of Civil Procedure 42(b) and 26(b)(1), fulfills the early-practicable-time mandate of Rule 23(c)(1)(A), and aligns with the approach courts in this district and across the country have taken in TCPA class actions involving narrow, potentially dispositive threshold issues.

On Sunday, July 12, 2026, Plaintiff served Defendants with a First Set of Discovery consisting of 15 interrogatories and 16 document requests that span four years of nationwide telemarketing activity, demand identification of every vendor, telecom provider, lead generator, and call center; every SMS/MMS marketing campaign; all call detail records for every outbound call; all TCPA compliance policies and training materials; all other lawsuits, arbitrations, and regulatory complaints; all vendor contracts; insurance policies; and criteria used to select campaign recipients. This is precisely the kind of expansive, class-wide discovery that courts have found disproportionate and premature before threshold issues specific to the named plaintiff have been addressed. *See Banks v. Bio Tr. Nutrition, LLC*, No. 1:25-CV-00851-GPG-SBP, 2026 WL 678871 (D. Col. Jan. 20, 2026).

In the first threshold discovery phase, Defendants expect to seek discovery regarding: (1) Plaintiff's interaction with online and other methods of advertising and communication; (2) use and ownership of the cellphone on which he allegedly received the text messages; (3) interaction with Lundgren Honda of Auburn; (4) granting of consent to receive marketing communications from commercial enterprises; (5) use of other tele-communications devices by Plaintiff at his

residence, and (6) registration of his phone numbers on the National Do Not Call Registry.  This very limited inquiry is factually and legally distinct from the class-wide questions Plaintiff's discovery seeks to explore (e.g., the identity of vendors, the scope of campaigns, the nature of dialing systems, and compliance policies).

After dispositive motions following the threshold phase, if Plaintiff's claim survives, then the parties would engage in discovery related to the merits of a class action.  To the extent that the Court does not bifurcate discovery, Defendants intend to seek a stay of the proceedings pending a decision on their anticipated motion for judgment on the pleadings.

Plaintiff's "Statement" includes what is in essence legal briefs, Defendants do not envision the purpose of this Statement to include legal briefing.  To the extent the parties disagree about the effect of the new Seventh Circuit decision finding that text messages are not "telephone calls," or disagree on discovery bifurcation, those are matters to be briefed in an appropriate procedural forum—not in this Joint Statement.

### 2.  Electronically Stored Information (ESI)

The Parties will meet and confer and separately submit to the Court a proposed order to govern the production of electronically stored information.

### 3.  Privilege, Work Product, and Rule 502 Issues

The Parties anticipate no unusually complex privilege issues. The Parties will make claims of privilege or of protection of trial preparation materials at the time of production, which will be accompanied by a privilege log. The Parties agree to comply with Fed. R. Evid. 502 regarding the inadvertent disclosure of privileged information and to memorialize that agreement in a proposed protective order that they will separately submit to the Court.  That proposed protective order will also govern the disclosure of confidential information to be produced by the Parties.

### 4. Discovery Limits and Modifications

The Parties anticipate that they may need changes in the limitations on discovery with respect to sets of document requests and the number of requests for admission. The Parties propose that the limitations in Local Rule 26.1(c) shall apply except that each side shall be limited to 30 requests for admission and 3 separate sets of requests for production.

### 5. Local Rule 16.1(d)(3) Certifications

The Parties will separately file certifications regarding compliance with Local Rule 16.1(d)(3).

## II.    PROPOSED PRETRIAL SCHEDULE

| | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|
| Initial Disclosures required by Fed. R. Civ. P. 26(a)(1) must be served by: | August 7, 2026 | |
| Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after: | September 28, 2026 | |
| All discovery on the threshold issues raised by Plaintiff's individual claim shall be completed by: | N/A | December 15, 2026 |
| Defendants' dispositive motion, if any, based on Plaintiff's individual claim, shall be filed by: | N/A | January 15, 2027<br><br>Response: February 15, 2027<br><br>Reply in support: March 8, 2027 |

|  | **Plaintiffs' Proposal** | **Defendants' Proposal** |
|---|---|---|
| In the event Plaintiff's claims are not dismissed, class discovery shall commence: |  | The later of 14 days after the Court's ruling on Defendants' initial dispositive motion or February 15, 2027 |
| All fact discovery shall be completed by: | March 11, 2027 | The later of 150 days after the Court's ruling on Defendants' initial dispositive motion or July 15, 2027 |
| Plaintiff's expert witness disclosure | February 4, 2027 | N/A |
| Defendant's expert witness disclosure | March 4, 2027 | N/A |
| Plaintiff's expert on class certification must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed by: | N/A | The later of 180 days after the Court's ruling on Defendants' initial dispositive motion or August 16, 2027 |
| Plaintiff's expert on class certification must be deposed by: | N/A | The later of 210 days after the Court's ruling on Defendants' initial dispositive motion or September 15, 2027 |
| Defendants' class certification expert must be designated and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed by: | N/A | The later of 240 days after the Court's ruling on Defendants' initial dispositive motion or October 15, 2027 |
| Defendants' expert on class certification must be deposed by: | N/A | The later of 270 days after the Court's ruling on Defendants' initial dispositive motion or November 15, 2027 |

|  | **Plaintiffs' Proposal** | **Defendants' Proposal** |
|---|---|---|
| Plaintiff must file any class certification motion by: | February 16, 2027<br><br>Response: March 11, 2027<br><br>Reply in support: March 25, 2027 | The later of 300 days after the Court's ruling on Defendants' initial dispositive motion or December 15, 2027<br><br>Response: 30 days after motion<br><br>Reply in Support: 14 days after response |
| Dispositive motions, such as motions for summary judgment or partial summary judgment, must be filed by: | July 19, 2027 | N/A<br><br>*Defendants request that the Court hold a status conference within 30 days of ruling on the class certification motion* |

Date: July 24, 2026

/s/ Anthony I. Paronich
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com

*Attorney for Plaintiff*

/s/ Heather B. Repicky
Heather B. Repicky (BBO #663347)
hrepicky@btlaw.com
BARNES & THORNBURG LLP
One Marina Park Drive, Suite 1530
Boston, MA 02210
Telephone: (617)316-5317

Mark P. Miller (*pro hac vice* forthcoming)
mark.miller@btlaw.com
Paul Olszowka (*pro hac vice* forthcoming)
paul.olszowka@btlaw.com
BARNES & THORNBURG LLP
One North Wacker Drive
Chicago, IL 60606-2833
Telephone: (312) 357-1313

*Attorneys for Defendants Richard Lundgren d/b/a Lundgren Honda of Auburn and Reach Local, Inc., d/b/a LocaliQ*

## CERTIFICATE OF SERVICE

I certify that on July 24, 2026, this document, filed through the ECF system, will be sent electronically to the parties or their counsel who are registered participants as identified on the Notice of Electronic Filing and, if not so registered, that paper copies will be emailed to such parties or their counsel.

*/s/ Heather B. Repicky*