**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| YOSEMIT MARRERO, on behalf of himself and others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>RICHARD LUNDGREN INC. d/b/a LUNDGREN HONDA OF AUBURN and REACH LOCAL, INC. d/b/a LOCALIQ,<br><br>       Defendants. | Civil Action No.<br>4:25-13925-MRG |

**STIPULATED PROTECTIVE ORDER**

WHEREAS Yosmit Marrero ("Plaintiff") and Richard Lundgren Inc. d/b/a Lundgren Honda of Auburn and Reach Local, Inc. d/b/a LocaliQ (collectively, "Defendants") are parties to this Litigation (the "Litigation");

WHEREAS, discovery in the Litigation may involve the disclosure of certain documents, things, and information in the possession, custody, or control of a party or a non-party that constitute or contain trade secrets or other confidential information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, good cause exists for entry of this Order, *see* Fed. R. Civ. P. 26(c);

WHEREAS, this Stipulated Protective Order (the "Protective Order") provides reasonable restrictions on the disclosure of such materials of a confidential nature;

WHEREAS, this Protective Order is entered into for the purpose of identifying individuals to be granted access to confidential materials; and

WHEREAS all parties agree to the terms of this Protective Order to protect their confidential documents and information;

THEREFORE, in view of the foregoing and because the parties hereto, by and through their respective counsel, have stipulated to the entry of the following Protective Order pursuant to Fed. R. Civ. P. 26(c), and the Court having determined good cause exists for entry of this Order,

IT IS HEREBY STIPULATED, AGREED, and ORDERED BY THE COURT, as follows:

1.    **Scope of Protective Order.** This Order shall apply to all information, documents, things, responses to discovery, and testimony produced, provided, or within the scope of discovery in the Litigation, including, without limitation, all documents or things produced in response to requests for the production of documents and things or subpoenas, answers to interrogatories, responses to requests for admission, testimony adduced at depositions and upon written questions, all other discovery taken pursuant to the Federal Rules of Civil Procedure, and any other information furnished, directly or indirectly, by or on behalf of any party to the Litigation or any non-party. The party or non-party producing such information is referred to in the singular and in the plural hereafter as the "Producing Party," and any party receiving such information is referred to hereafter as the "Receiving Party."

2.    **Definitions.** The term "CONFIDENTIAL INFORMATION" as used herein, means any form of trade secret or other confidential business, research, development, financial, or commercial information, personal identifying information, medical or psychiatric information, personnel records, or such other sensitive, commercial information that is not publicly available, within the meaning of Fed. R. Civ. P. 26(c). The designation of "CONFIDENTIAL INFORMATION" by a Producing Party constitutes its representation that it reasonably and in good faith believes that the designated material constitutes or contains information in one or more

2

of the foregoing categories within the meaning of Fed. R. Civ. P 26(c). Further, CONFIDENTIAL INFORMATION includes: (a) all copies, extracts, and complete or partial summaries prepared from CONFIDENTIAL INFORMATION and (b) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such CONFIDENTIAL INFORMATION.

3. **Non-Parties Under the Protective Order.** This Protective Order shall also apply to any information provided by a non-party in discovery in the Litigation. With respect to such information provided and so designated by a non-party, such non-party has the same rights and obligations under this Protective Order as held by the parties to the Litigation, and the parties will treat such information in accordance with this Protective Order.

4. **Marking Documents and Things.** Each page of a document and each thing that constitutes or contains CONFIDENTIAL INFORMATION shall be labeled or marked with the legend "CONFIDENTIAL INFORMATION" when the document or thing is produced to a Receiving Party. Anything that cannot be so labeled or marked on its face shall be labeled or marked by placing the appropriate legend on a container or package in which it is produced or on a tag attached thereto. Material produced without any such legend shall not be subject to the protections afforded such information under this Protective Order unless otherwise agreed by the parties, ordered by the Court, or designated in accordance with paragraph 9 of this Protective Order. Inspection of materials shall be conducted only by persons eligible under paragraph 12 below.

5. **Marking Documents on Electronic Media.** Where a document constituting or containing CONFIDENTIAL INFORMATION is produced in an electronic medium such as on a hard drive, compact disc, or a digital versatile disc (DVD), or other media of electronic storage, it

3

shall be marked with the appropriate legend. To the extent possible, the information or documents contained therein shall also be appropriately marked.

6.      **Marking Interrogatories, Requests for Admissions, and Deposition Testimony on Written Requests.** The cover page of any response to interrogatories, response to requests for admissions, and deposition testimony upon written questions that constitutes or contains CONFIDENTIAL INFORMATION shall be labeled or marked with the legend "CONTAINS CONFIDENTIAL INFORMATION" when the response or testimony is served upon the Receiving Party. The designating party will specify which portion(s) of each such document constitutes CONFIDENTIAL INFORMATION. Such responses or testimony served without any such legend shall not be subject to the protections afforded such information under this Protective Order unless otherwise agreed by the parties, ordered by the Court, or designated in accordance with paragraph 9 of this Protective Order.

7.      **Marking Deposition Testimony.** Any portion of a deposition may be designated CONFIDENTIAL INFORMATION during the deposition itself. Regardless of whether such a designation is made during the deposition, all testimony adduced at depositions and any transcripts thereof will be presumptively treated as CONFIDENTIAL INFORMATION for a grace period beginning from the date of the deposition until thirty (30) business days after a final copy of the transcript has been provided to the deponent or the deponent's counsel. Within this thirty-day grace period, any party may designate any portion of any deposition transcript as CONFIDENTIAL INFORMATION by specifying in writing to the court reporter and counsel the portion of the transcript believed to constitute or contain CONFIDENTIAL INFORMATION by page and line number. If no such designation is made during a deposition or the thirty-day grace period, the transcript from such deposition shall not be subject to the protections afforded such information

under this Protective Order unless otherwise agreed by the parties, ordered by the Court, or designated in accordance with paragraph 9 of this Protective Order.

8.      **Limitations on Attendance at Depositions.** Counsel for a Producing Party may request that all persons other than the witness, the court reporter, those individuals specified in paragraph 12, and counsel for the witness (if a non-party witness) leave the deposition room during any portion of a deposition that inquires about or discloses subject matter that such counsel deems CONFIDENTIAL INFORMATION.

9.      **Inadvertent Production of CONFIDENTIAL INFORMATION.** If a Producing Party inadvertently or mistakenly produces any CONFIDENTIAL INFORMATION without labeling, marking, or designating it as provided in this Protective Order, the Producing Party may, within ten (10) business days after learning of the inadvertent or mistaken production, give written notice to the Receiving Party that the material at issue is or contains CONFIDENTIAL INFORMATION and should be treated as such in accordance with this Protective Order. In such instance, the Producing Party shall also provide copies of the material at issue properly marked as required under this Protective Order. Upon receipt of such notice and properly marked material, the Receiving Party shall treat such information consistent with the redesignation. Disclosure of such information to persons not authorized to receive CONFIDENTIAL INFORMATION prior to receipt of such notice shall not be deemed a violation of this Protective Order.

Should any CONFIDENTIAL INFORMATION be disclosed, through inadvertence or otherwise, by the Receiving Party to any person or party not authorized under this Protective Order, then the Receiving Party shall (a) use its best efforts to obtain the return of any such material or information and to bind such person to the terms of this Protective Order, (b) within three (3) business days of the discovery of such disclosure, inform such person of all provisions of this

Protective Order and request that such person sign the Undertaking in the form attached hereto as Exhibit A, and (c) within five (5) business days of the discovery of such disclosure, provide written notice to the Producing Party of the unauthorized disclosure, including the identity of the unauthorized recipient and the confidential information disclosed.

10.    **Inadvertent Production of Privileged or Work Product Information.** Upon receiving a written request to do so from the Producing Party, the Receiving Party shall immediately return to the Producing Party any documents or tangible items that the Producing Party represents are covered by a claim of attorney-client privilege, work-product immunity, or other privilege and were inadvertently or mistakenly produced. The Receiving Party also shall destroy any extra copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information upon production by the Producing Party of a privilege log with entries for all documents and tangible items inadvertently or mistakenly produced. The Receiving Party may move the Court for an Order compelling the production of such information, but such a motion does not relieve the Receiving Party of complying with the immediately preceding two sentences of this Order. The Producing Party shall retain copies of all returned documents and tangible things, and if such a motion is filed by the Receiving Party, shall upon request provide copies to the Court of the documents, things, or information that are the subject of the motion. The party claiming privilege or work product protection shall have the burden of proving that such privilege or work product protection exists. Notwithstanding the above, recognizing the need for the parties to prepare their cases based on the discovery that is produced, if any information, document, or tangible thing is used or referenced in a court hearing, deposition, motion, expert report, or pretrial order, or is otherwise used openly in the case, any claim of inadvertent production must be made within five (5) business days after such use.

11. **<u>Disclosure and Use of Designated Materials.</u>** Subject to the limitations and restrictions of this Protective Order and any further order of the Court, material designated CONFIDENTIAL INFORMATION as described in this Protective Order may be used in testimony at trial, offered into evidence at trial and/or other hearings, and used to prepare for and conduct discovery, to prepare for trial, and to support or oppose any motion in the Litigation. Such material shall remain confidential at trial, and during any appeals to the Litigation, except to the extent made public in open court, and may not be used for any purpose or in any manner other than as permitted by this Protective Order or by further order of the Court.

Material designated CONFIDENTIAL INFORMATION, and all information derived therefrom, shall be used only by persons permitted access to such information under this Protective Order, shall not be disclosed by the Receiving Party to any party or person not entitled under this Protective Order to have access to such material, and shall not be used by the Receiving Party for any purpose other than in connection with the Litigation. The Receiving Party is expressly prohibited from using or disclosing CONFIDENTIAL INFORMATION for any financial, commercial, marketing, regulatory, personal, business, or other competitive purpose outside of the Litigation.

12. **<u>Access to CONFIDENTIAL INFORMATION.</u>** CONFIDENTIAL INFORMATION as described in this Protective Order may be disclosed to:

    A. Outside Litigation counsel of record for the parties and their data entry, information processing, computer support, Litigation support, translating, stenographic, clerical, and paralegal employees or agents whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION;

B.     The parties, including any employee or in-house counsel of a party;

C.     Subject to the provisions described later in this paragraph, outside consultants or experts regarding any issue in the Litigation who are not current employees of any of the parties to the Litigation, whose advice and consultation are being or will be used in connection with the Litigation, including their stenographic, clerical computer support personnel;

D.     Courts before which these actions are pending and their authorized staff, court reporters, and the jury;

E.     Any interpreter or translation service, and any typist or transcriber used thereby; and

F.     A party's outside copying, exhibit preparation, document processing vendors, and computerized Litigation support and information management services.

Prior to disclosure of CONFIDENTIAL INFORMATION to any of the persons described in subparagraphs (B) and (C), counsel for the Receiving Party shall first obtain from each such person a signed Undertaking substantially in the form annexed as Exhibit A.

13.     **Disclosure to Other Individuals.** CONFIDENTIAL INFORMATION may be disclosed also to persons not identified in paragraph 12 as follows:

A.     CONFIDENTIAL INFORMATION may be disclosed to persons not identified in paragraph 12 as agreed by the Producing Party;

B.     Any Receiving Party may move the Court for an Order that a person not identified in paragraph 12 be given access to information designated CONFIDENTIAL INFORMATION. If the motion is granted, such person

may have access to the CONFIDENTIAL INFORMATION after first signing an Undertaking substantially in the form of Exhibit A attached hereto;

C. CONFIDENTIAL INFORMATION may be disclosed to and/or used to examine, at deposition, at trial, or at any other court hearing: (i) an individual who prepared, received, reviewed, or had knowledge of the CONFIDENTIAL INFORMATION as demonstrated by the CONFIDENTIAL INFORMATION itself or foundation testimony; or (ii) a currently employed officer or director of a Producing Party but only the CONFIDENTIAL INFORMATION of the Producing Party; and

D. A party may disclose or use in any manner or for any purpose any information or documents from that party's own files that the party itself has designated CONFIDENTIAL INFORMATION.

14. **Filing Under Seal.** If any party files CONFIDENTIAL INFORMATION (including confidential portions of documents or transcripts) or any document, pleading, or brief that discloses the substance or content of CONFIDENTIAL INFORMATION in connection with any motion, other written submission, hearing or trial in this action, the filing party shall seek to have such information maintained under seal in accordance with the Local Rules and any other procedures required by the Court; provided, however, that the burden of proving that such information should be sealed shall at all times remain on the party which designated the information CONFIDENTIAL INFORMATION.

15. **Challenging Designations.** The acceptance by the Receiving Party of material designated CONFIDENTIAL INFORMATION shall not constitute an admission or concession,

9

or permit an inference that such material is, in fact, confidential. Any Receiving Party may at any time request that the Producing Party cancel or modify a CONFIDENTIAL INFORMATION designation. Such request shall be made to counsel for the Producing Party in writing and shall particularly identify the designated CONFIDENTIAL INFORMATION that the Receiving Party contends is not CONFIDENTIAL INFORMATION and the reasons supporting that contention. If the Producing Party does not agree to remove or modify the CONFIDENTIAL INFORMATION designation within ten (10) business days of such request, the party contending that such documents or material are not properly designated may request by motion that the Court change the designation or remove such material from any or all of the restrictions of this Protective Order. On such a motion, the party asserting confidentiality shall have the burden of proving that the material designated CONFIDENTIAL INFORMATION warrants the applicable protections under this Protective Order.

16.    **No Expansion of Federal Rules of Civil Procedure.** Nothing in this Protective Order shall be construed (1) to affect or govern the scope of discovery in the Litigation; (2) to preclude any party from moving the Court for a further order pursuant to Fed. R. Civ. P. 26(c) or any other provision of the Federal Rules of Civil Procedure; (3) to require a party to produce any CONFIDENTIAL INFORMATION that is not relevant and discoverable pursuant to Fed. R. Civ P. 26 and the surrounding case law; (4) to preclude any party from moving the Court for an order compelling production or disclosure of such material; or (5) to require production or disclosure of any CONFIDENTIAL INFORMATION deemed by counsel for the Producing Party to be protected from disclosure by the attorney-client privilege or the attorney work-product immunity doctrine, or other privilege or immunity, so long as the withheld materials are identified in the manner required by the Federal Rules of Civil Procedure.

10

17.    **Survival of Obligations under Protective Order.** This Protective Order shall survive the final termination of the Litigation, including all appeals, and continue to bind all persons to whom CONFIDENTIAL INFORMATION is disclosed hereunder to the extent such material is not, or does not become, known to the public. The Court retains jurisdiction subsequent to any settlement or entry of judgment to enforce the terms of this Protective Order.

18.    **Handling of CONFIDENTIAL INFORMATION at the Conclusion of the Litigation.** The parties acknowledge and understand that CONFIDENTIAL INFORMATION material may be disclosed or transmitted by and between the parties in electronic form or may be otherwise converted to electronic form by the Receiving Party. Furthermore, the parties acknowledge and understand that, subject to the terms of this Order, during the course of the Litigation, CONFIDENTIAL INFORMATION material that resides in electronic form may be transferred to and stored on the computer systems of:

     i.    outside Litigation counsel of record;

     ii.    in-house counsel;

     iii.    outside expert witnesses and consultants; and

     iv.    "off-site hosting" Litigation support services providers.

The parties agree to maintain such CONFIDENTIAL INFORMATION material that is transmitted or maintained in electronic form in accordance with this Order, including, without limitation, maintaining electronic information on computer systems that contain reasonable safeguards to prevent access by unauthorized persons.

Upon final termination of the Litigation, any CONFIDENTIAL INFORMATION material that resides in tangible form (e.g. paper documents) shall be accounted for and either (i) destroyed; or (ii) returned to the party or counsel that provided those materials.

The parties, however, shall not be required to remove CONFIDENTIAL INFORMATION material that resides in electronic form on media that is maintained in the usual course of business primarily for archival and disaster recovery purposes. Notwithstanding, the parties shall continue to preserve such CONFIDENTIAL INFORMATION material maintained on archival/disaster recovery media in accordance with this Order until such archival/disaster recovery media is overwritten or destroyed in the usual course of business.

Notwithstanding any of the foregoing, outside counsel for the parties shall be permitted to retain copies of all pleadings, work product, discovery, and filings subject to their duties under the terms of this Protective Order.

19.    **Publicly Available Information.** The restrictions and obligations set forth herein relating to material designated CONFIDENTIAL INFORMATION shall not apply to any information that the Producing Party agrees, or the Court rules, (a) should not be designated as such; (b) is or has become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or agents in violation of this Protective Order; or (c) has come or shall come into the Receiving Party's legitimate knowledge or possession independently of the Producing Party under conditions such that its use and/or public disclosure by the Receiving Party would not violate any obligation to the Producing Party. The restrictions and obligations set forth herein shall not prohibit discussions of any material designated CONFIDENTIAL INFORMATION with any person who already has or obtains legitimate possession thereof.

20.    **Notices.** Notices under this Protective Order shall be provided to the parties' respective counsel of record. The date by which a party receiving a notice shall respond, or otherwise take action, shall be computed from the close of the business day that the electronic mail was received in the office of counsel.

12

21.     **Entry of Protective Order.** Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by all of the parties, it will be treated as though it has been "So Ordered."

SO ORDERED THIS ⟨27th⟩ DAY OF JULY, 2026.

/s/ Margaret R. Guzman

Margaret R. Guzman
United States District Judge

13

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

YOSEMIT MARRERO,
on behalf of himself and others
similarly situated,

      Plaintiff,

v.

RICHARD LUNDGREN INC. d/b/a
LUNDGREN HONDA OF AUBURN
and REACH LOCAL, INC. d/b/a
LOCALIQ,

      Defendants.

Civil Action No.
4:25-13925-MRG

## CONFIDENTIALITY UNDERTAKING

I, _____, being duly sworn, state that:

    a)    My present residential address is:

_____.

    b)    My present employer is:

_____.

    c)    My present occupation or job description is:

_____

_____.

    d)    I have read and understand the terms of the Protective Order in this matter, and agree to comply with those terms. Further, I understand that unauthorized disclosure of any Designated CONFIDENTIAL INFORMATION, or its substance, may constitute contempt of this Court and may subject me to sanctions or other remedies that may be imposed by the court and potentially liable in a civil action for damages by the disclosing party.

1

e)      I agree to submit to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after the termination of the Litigation.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: _____

_____
[Printed Name]

2

Date: July 24, 2026

/s/ Anthony I. Paronich
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com


*Attorney for Plaintiff*

/s/ Heather B. Repicky
Heather B. Repicky (BBO #663347)
hrepicky@btlaw.com
BARNES & THORNBURG LLP
One Marina Park Drive, Suite 1530
Boston, MA 02210
Telephone: (617)316-5317

Mark P. Miller (*pro hac vice* forthcoming)
mark.miller@btlaw.com
Paul Olszowka (*pro hac vice* forthcoming)
paul.olszowka@btlaw.com
BARNES & THORNBURG LLP
One North Wacker Drive
Chicago, IL 60606-2833
Telephone: (312) 357-1313

*Attorneys for Defendants Richard Lundgren d/b/a Lundgren Honda of Auburn and Reach Local, Inc., d/b/a LocaliQ*

## CERTIFICATE OF SERVICE

I certify that on July 24, 2026, this document, filed through the ECF system, will be sent electronically to the parties or their counsel who are registered participants as identified on the Notice of Electronic Filing and, if not so registered, that paper copies will be emailed to such parties or their counsel.

/s/ Heather B. Repicky