# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| YOSEMIT MARRERO, on behalf of himself and others similarly situated, | : | |
| Plaintiff, | : | Case No. 25-cv-13925 |
| v. | : | |
| RICHARD LUNDGREN INC d/b/a LUNDGREN HONDA OF AUBURN and REACHLOCAL, INC. d/b/a LOCALIQ | : | |
| Defendants. | / | |

**PLAINTIFF'S FIRST SET OF DISCOVERY**
**TO RICHARD LUNDGREN INC d/b/a LUNDGREN HONDA OF AUBURN**

## INSTRUCTIONS FOR INTERROGATORIES

1. Pursuant to Rule 33, submit your answers to the interrogatories herein in writing and under oath to the undersigned counsel within 30 days of the date of service on you. If any of these interrogatories cannot be answered in full, then you should answer to the fullest extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion or portions. In answering these interrogatories, furnish such information as is available to you, regardless of whether this information is obtained directly by you, through your agents or representatives or by any of your attorneys. For each interrogatory, please identify all persons who provided information used in answering it.

2. These interrogatories are continuing in nature. In accordance with Rule 26, you are required to supplement your answers to the interrogatories when new or additional information becomes known to you.

## INSTRUCTIONS FOR REQUESTS FOR PRODUCTION

3. Pursuant to Rule 34(b)(2)(B), on the date production is due, Defendant shall produce all the responsive documents or specify a reasonable date certain on which they will be produced.

4. In accordance with Rule 34(b), you shall provide written responses to the following requests and shall produce the requested documents as they are kept in the ordinary and usual course of business or shall organize and label the documents to correspond with the categories in this request.

5. A draft and a final version are two distinct documents.

6. If Defendant withholds the production of any responsive document on the grounds that the document is privileged or otherwise protected, Defendant shall state in a privilege log the nature of the claim of privilege or protection; the type and nature of the document; the date of the document; the author(s), the addressee(s), and recipient(s) of the document; the document's present location; and any other information that will enable Plaintiff and the Court to assess the applicability of the privilege or protection.

## DEFINITIONS

The following terms shall have the following meanings, even when not capitalized or bolded:

7. **"Communication"** includes all forms of correspondence, including, but not limited to, letters, emails, voicemails, text messages, instant messages, or social media messages.

8. "**Defendant**" means the defendant named in this lawsuit who is being served with these requests and includes, without limitation, any of its past or present offices, locations,

divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives.

9. "**Describe**" means to identify and explain fully the characteristics, nature and substance of a given thing, action, communication or event, to set forth all details, physical properties and dimensions of a physical thing inquired about, and to specify all pertinent dates, locations, causes, purposes, effects and results of the thing, action, communication or event inquired about.

10. "**Document**" means any writing as defined in Rule 34(a)(1)(A), however produced, reproduced, archived or stored, within your possession or subject to your control, of which you have knowledge or to which you now have or previously had access, including all ESI.

11. "**Identify**" (when used in reference to a document) means to state the date of preparation of the document, its author, the sender (if any), the recipient (if any), the nature of the document (e.g., letter, memorandum or tape) and other means of identification sufficient to specify the document for purposes of a request for production, and to further state its present location and custodian. If any such document was, but no longer is, in your possession or custody or subject to your control, describe what disposition was made of it and give the name, address and telephone number of the person presently having possession, custody or control of the document.

12. "**Identify**" (when used in reference to an natural person) means to state that person's full name, title, business address, telephone number, email address, occupation and employer, along with a statement of whether that person is represented by your counsel in this litigation.

13. "**Identify**" (when used in reference to an entity) means to state the entity's full name, address, telephone number, state of incorporation or organization and web address. Unless it otherwise appears from the context, a request for the identity of a person relates to all persons in the relevant classification or category, and the request for the identity of an entity includes all affiliated entities.

14. "**Person**" means any natural person or legal entity, including, without limitation, any business or governmental entity or association.

15. "**Plaintiff**" means the Plaintiff in this lawsuit.

16. "**Policy**" means any instruction, practice, procedure, directive, routine, guideline, rule, course of conduct or code of conduct that was or has been recognized, adopted, issued or followed by you—regardless of whether written or unwritten, formal or informal, recorded or unrecorded.

17. "**TCPA**" means the Telephone Consumer Protection Act, 47 U.S.C. § 227.

18. "**Telemarketing**" means a telecommunication that could have generated or was intended to generate leads, customers or sales for you or any franchisee of yours within the United States. A communication is telemarketing even though it (1) had other, additional purposes (e.g., fulfillment of a partially completed transaction or verification of information); (2) was to a person who had consented to receive it; (3) was to a person who had a prior existing business relationship with you; (4) was not made by you; and/or (5) was not made for your exclusive or direct benefit.

19. "**Third party**" means any natural person, partnership, association, corporation, joint venture, or other business or legal entity not owned or controlled by you.

20. "**Vendor**" means any third party under contract with, hired by, employed by, paid by or working for you, directly or indirectly, for purposes of telemarketing or phone-based activities or services, including, but not limited to, generating leads, warm transfers, hot transfers or any other call transfers, making outbound telemarketing calls, or tracking or aggregating data related to any of those activities, including, but not limited to, any co-defendant.

21. "**You**" means the entity to which these requests are propounded and includes, without limitation, any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives.

22. All other words shall have their ordinary definition as defined by Merriam-Webster's online dictionary, located at http://www.merriam-webster.com/

## RELEVANT TIME PERIOD

Unless otherwise indicated, these requests shall pertain to the time period starting four years before the filing of the original complaint in this case and continuing through the present and shall include all documents and information that relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received outside of that period.

## INTERROGATORIES

1. Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

2. Identify every Vendor utilized by You during the Relevant Time Period for lead generation, lead transfers, telemarketing, appointment setting, call routing, call tracking, telecommunications services, customer acquisition, or consumer marketing.

3. Describe in detail Your relationship with Reachlocal during the Relevant Time Period, including the services provided, the manner in which Reachlocal was compensated, the manner in which leads were generated or transferred, and the manner in which its performance was measured, monitored, evaluated, or reviewed.

4. Describe in detail the procedures utilized during the Relevant Time Period to monitor, supervise, audit, review, evaluate, approve, reject, or oversee Telemarketing conducted by Reachlocal.

5. Describe in detail all criteria, specifications, requirements, instructions, guidelines, quality-control standards, or performance metrics that You provided to Reachlocal concerning leads, appointments, transfers, prospects, or customers.

6. State the total number of leads, appointments, transfers, prospects, customers, or sales opportunities received from Reachlocal during the Relevant Time Period.

7. State the total amount of compensation paid to Reachlocal during the Relevant Time Period and describe the basis upon which such compensation was calculated.

8. Describe in detail how leads generated by Reachlocal were tracked, accepted, rejected, converted, sold, utilized, or otherwise processed by You.

9. Identify every person responsible for TCPA compliance, telemarketing compliance, vendor management, lead acquisition, lead generation oversight, or consumer complaint handling during the Relevant Time Period.

10. State all facts supporting any contention that Reachlocal was not acting on Your behalf when engaging in Telemarketing activities that resulted in Plaintiff being contacted.

11. State all facts supporting any contention that You did not authorize, direct, control, supervise, ratify, accept, or benefit from the Telemarketing activities of Reachlocal.

12. Identify every non-written communication You had with Reachlocal concerning TCPA compliance, National Do Not Call Registry compliance, consent requirements, telemarketing campaigns, lead generation, lead transfers, caller identification requirements, prerecorded messages, artificial voice technology, or consumer complaints.

13. Describe in detail every SMS or MMS marketing campaign conducted during the Relevant Time Period that promoted Lundgren Honda, including the dates of each campaign, the platforms used, and the approximate number of recipients.

14. Describe the databases, CRM systems, messaging platforms, or other repositories containing records sufficient to identify recipients of the text-message campaigns.

15. Describe the process by which recipients of the campaigns were selected, including whether the same selection criteria were uniformly applied to all recipients.

16. Describe all categories of consent records maintained for recipients of the campaigns and state whether those records are maintained in a centralized database.

17. Describe the manner in which National Do Not Call Registry scrubbing was performed before each campaign, including whether the process was automated or manual.

18. State whether the same policies and procedures governing TCPA compliance, consent verification, and National Do Not Call compliance applied uniformly to all recipients during the Relevant Time Period.

19. Identify all communications you've had with any third party, other than your counsel, about this lawsuit.

20. Identify every complaint, demand, lawsuit, arbitration, regulatory inquiry, or governmental investigation involving alleged violations of the TCPA relating to Telemarketing conducted by You during the past five years.

## DOCUMENT REQUESTS

1. Please produce all Documents reflecting Your relationship with Reachlocal, including contracts, agreements, amendments, statements of work, insertion orders, invoices, payment records, campaign reports, lead reports, performance reports, audits, scorecards, compliance reviews, and Communications.

2. Please produce all Communications between You and Reachlocal concerning TCPA compliance, National Do Not Call Registry compliance, consent requirements, telemarketing campaigns, lead generation, lead transfers, caller identification requirements, prerecorded messages, artificial voice technology, or consumer complaints.

3. Please produce all Documents sufficient to identify every Vendor utilized by You during the Relevant Time Period for lead generation, lead transfers, telemarketing, call routing, call tracking, telecommunications services, consumer acquisition, appointment setting, or customer acquisition.

4. Please produce all Documents concerning the generation, qualification, transfer, sale, delivery, acceptance, rejection, payment, auditing, monitoring, review, or disposition of leads generated by or received from Reachlocal.

5. Please produce all Documents sufficient to identify the number of leads, appointments, transfers, prospects, customers, or sales opportunities received from Reachlocal during the Relevant Time Period.

6. Please produce all Documents sufficient to identify the amount of compensation paid to Reachlocal during the Relevant Time Period, including lead fees, commissions, bonuses, incentives, revenue-sharing arrangements, or other consideration.

7. Please produce all Documents concerning the criteria, specifications, requirements, instructions, or guidelines You provided concerning acceptable leads, appointments, transfers, prospects, or customers.

8. Please produce all Documents concerning Your monitoring, supervision, auditing, review, evaluation, oversight, approval, acceptance, rejection, or control of Telemarketing conducted by Reachlocal.

9. Please produce all Documents concerning any audit, monitoring, review, compliance assessment, investigation, scorecard, evaluation, performance review, or quality-control review relating to Reachlocal.

10. Please produce all Documents concerning complaints received by You relating to Telemarketing, robocalls, prerecorded messages, artificial voices, caller identification practices, consent practices, National Do Not Call Registry compliance, or internal do-not-call requests.

11. Please produce all Documents sufficient to identify all lawsuits, arbitrations, administrative proceedings, regulatory investigations, government inquiries, written complaints, or demand letters during the Relevant Time Period alleging violations of the TCPA, do-not-call requirements, caller identification requirements, consent requirements, prerecorded-message requirements, artificial voice requirements, or unlawful telemarketing practices.

12. Please produce all Documents sufficient to identify every person responsible for TCPA compliance, telemarketing compliance, vendor management, lead acquisition, lead generation oversight, or consumer complaint handling during the Relevant Time Period.

13. Please produce all Documents sufficient to show how leads generated by Reachlocal were tracked, accepted, rejected, converted, sold, or otherwise utilized by You.

14. Please produce all insurance policies that may provide coverage for the claims asserted in this action and all Communications with any insurer concerning those claims.

15. Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

a) compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

b) obtaining or verifying prior express consent;

c) complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*

16. Produce all documents describing the criteria used to select recipients for each campaign.

17. All communications with any third party concerning this litigation other than your attorney.

Respectfully submitted, Date: July 12, 2026

By: <u>*/s/ Anthony I. Paronich*</u>
Anthony I. Paronich
PARONICH LAW, P.C.

350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com

*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| YOSEMIT MARRERO, on behalf of himself and others similarly situated, | : | |
| Plaintiff, | : | Case No. 25-cv-13925 |
| v. | : | |
| RICHARD LUNDGREN INC d/b/a LUNDGREN HONDA OF AUBURN and REACHLOCAL, INC. d/b/a LOCALIQ | : | |
| Defendants. | : | |

**PLAINTIFF'S FIRST SET OF**
**DISCOVERY TO REACHLOCAL, INC. d/b/a LOCALIQ**

**INSTRUCTIONS FOR INTERROGATORIES**

1. Pursuant to Rule 33, submit your answers to the interrogatories herein in writing and under oath to the undersigned counsel within 30 days of the date of service on you. If any of these interrogatories cannot be answered in full, then you should answer to the fullest extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion or portions. In answering these interrogatories, furnish such information as is available to you, regardless of whether this information is obtained directly by you, through your agents or representatives or by any of your attorneys. For each interrogatory, please identify all persons who provided information used in answering it.

2. These interrogatories are continuing in nature. In accordance with Rule 26, you are required to supplement your answers to the interrogatories when new or additional information becomes known to you.

## INSTRUCTIONS FOR REQUESTS FOR PRODUCTION

3. Pursuant to Rule 34(b)(2)(B), on the date production is due, Defendant shall produce all the responsive documents or specify a reasonable date certain on which they will be produced.

4. In accordance with Rule 34(b), you shall provide written responses to the following requests and shall produce the requested documents as they are kept in the ordinary and usual course of business or shall organize and label the documents to correspond with the categories in this request.

5. A draft and a final version are two distinct documents.

6. If Defendant withholds the production of any responsive document on the grounds that the document is privileged or otherwise protected, Defendant shall state in a privilege log the nature of the claim of privilege or protection; the type and nature of the document; the date of the document; the author(s), the addressee(s), and recipient(s) of the document; the document's present location; and any other information that will enable Plaintiff and the Court to assess the applicability of the privilege or protection.

## DEFINITIONS

The following terms shall have the following meanings, even when not capitalized or bolded:

7. **"Communication"** includes all forms of correspondence, including, but not limited to, letters, emails, voicemails, text messages, instant messages, or social media messages.

8. "**Defendant**" means the defendant named in this lawsuit who is being served with these requests and includes, without limitation, any of its past or present offices, locations,

divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives.

9. “**Describe**” means to identify and explain fully the characteristics, nature and substance of a given thing, action, communication or event, to set forth all details, physical properties and dimensions of a physical thing inquired about, and to specify all pertinent dates, locations, causes, purposes, effects and results of the thing, action, communication or event inquired about.

10. “**Document**” means any writing as defined in Rule 34(a)(1)(A), however produced, reproduced, archived or stored, within your possession or subject to your control, of which you have knowledge or to which you now have or previously had access, including all ESI.

11. “**Identify**” (when used in reference to a document) means to state the date of preparation of the document, its author, the sender (if any), the recipient (if any), the nature of the document (e.g., letter, memorandum or tape) and other means of identification sufficient to specify the document for purposes of a request for production, and to further state its present location and custodian. If any such document was, but no longer is, in your possession or custody or subject to your control, describe what disposition was made of it and give the name, address and telephone number of the person presently having possession, custody or control of the document.

12. “**Identify**” (when used in reference to an natural person) means to state that person’s full name, title, business address, telephone number, email address, occupation and employer, along with a statement of whether that person is represented by your counsel in this litigation.

13. "**Identify**" (when used in reference to an entity) means to state the entity's full name, address, telephone number, state of incorporation or organization and web address. Unless it otherwise appears from the context, a request for the identity of a person relates to all persons in the relevant classification or category, and the request for the identity of an entity includes all affiliated entities.

14. "**Person**" means any natural person or legal entity, including, without limitation, any business or governmental entity or association.

15. "**Plaintiff**" means the Plaintiff in this lawsuit.

16. "**Policy**" means any instruction, practice, procedure, directive, routine, guideline, rule, course of conduct or code of conduct that was or has been recognized, adopted, issued or followed by you—regardless of whether written or unwritten, formal or informal, recorded or unrecorded.

17. "**TCPA**" means the Telephone Consumer Protection Act, 47 U.S.C. § 227.

18. "**Telemarketing**" means a telecommunication that could have generated or was intended to generate leads, customers or sales for you or any franchisee of yours within the United States. A communication is telemarketing even though it (1) had other, additional purposes (e.g., fulfillment of a partially completed transaction or verification of information); (2) was to a person who had consented to receive it; (3) was to a person who had a prior existing business relationship with you; (4) was not made by you; and/or (5) was not made for your exclusive or direct benefit.

19. "**Third party**" means any natural person, partnership, association, corporation, joint venture, or other business or legal entity not owned or controlled by you.

20. "**Vendor**" means any third party under contract with, hired by, employed by, paid by or working for you, directly or indirectly, for purposes of telemarketing or phone-based activities or services, including, but not limited to, generating leads, warm transfers, hot transfers or any other call transfers, making outbound telemarketing calls, or tracking or aggregating data related to any of those activities, including, but not limited to, any co-defendant.

21. "**You**" means the entity to which these requests are propounded and includes, without limitation, any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives.

22. All other words shall have their ordinary definition as defined by Merriam-Webster's online dictionary, located at http://www.merriam-webster.com/

**RELEVANT TIME PERIOD**

Unless otherwise indicated, these requests shall pertain to the time period starting four years before the filing of the original complaint in this case and continuing through the present and shall include all documents and information that relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received outside of that period.

**INTERROGATORIES**

1. Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

2. Identify every Vendor, third party, telecommunications provider, lead generator, call center, software provider, carrier, platform provider, or other Person that participated in,

facilitated, originated, transmitted, routed, transferred, monitored, recorded, or otherwise assisted with any Telemarketing activity conducted on behalf of Richard Lundgren Inc.

3. Describe all platforms, software, dialing systems, telecommunications systems, artificial intelligence systems, prerecorded voice systems, CRM systems, and lead management systems used in connection with Telemarketing conducted on behalf of Richard Lundgren Inc.

4. Describe how You obtained Plaintiff's telephone number and state all facts supporting any contention that Plaintiff consented to receive Telemarketing communications.

5. Describe all Policies utilized to comply with the TCPA, including Policies concerning consent, the National Do Not Call Registry, internal do-not-call requests, prerecorded messages, artificial voices, and caller identification information.

6. State the total number of outbound Telemarketing calls made on behalf of Richard Lundgren Inc during the relevant period.

7. Describe the process by which leads were generated, qualified, transferred, sold, or delivered to Richard Lundgren Inc.

8. Describe in detail every artificial voice system, prerecorded voice system, conversational AI system, soundboard technology, voice-cloning technology, automated agent, or similar technology used during the Relevant Time Period, including the identity of the provider, the dates of use, and the campaigns in which such technology was utilized.

9. Describe in detail every SMS or MMS marketing campaign conducted during the Relevant Time Period that promoted Lundgren Honda, including the dates of each campaign, the platforms used, and the approximate number of recipients.

10. Describe the databases, CRM systems, messaging platforms, or other repositories containing records sufficient to identify recipients of the text-message campaigns.

11. Describe the process by which recipients of the campaigns were selected, including whether the same selection criteria were uniformly applied to all recipients.

12. Describe all categories of consent records maintained for recipients of the campaigns and state whether those records are maintained in a centralized database.

13. Describe the manner in which National Do Not Call Registry scrubbing was performed before each campaign, including whether the process was automated or manual.

14. State whether the same policies and procedures governing TCPA compliance, consent verification, and National Do Not Call compliance applied uniformly to all recipients during the Relevant Time Period.

15. Identify all communications you've had with any third party, other than your counsel, about this lawsuit.

## **DOCUMENT REQUESTS**

1. Please produce all Documents related to Plaintiff, including but not limited to all Communications, call records, lead records, transfer records, CRM records, notes, recordings, account records, screenshots, database entries, and investigations concerning Plaintiff or Plaintiff's telephone number.

2. Please produce all Documents sufficient to show how Plaintiff's alleged consent was obtained, recorded, stored, transferred, verified, relied upon, or communicated to You, including any consent records, webpages, webforms, landing pages, screenshots, database records, timestamps, IP address information, certificates of consent, or records identifying the source of such consent.

3. Please produce all contracts, agreements, amendments, statements of work, insertion orders, purchase orders, invoices, payment records, and Communications between You and Richard Lundgren Inc.

4. Please produce all Communications between You and Richard Lundgren Inc concerning Plaintiff, Plaintiff's telephone number, Plaintiff's alleged consent, or any call made to Plaintiff.

5. Please produce all Communications between You and Richard Lundgren Inc concerning TCPA compliance, National Do Not Call Registry compliance, consent requirements, lead generation, lead transfers, telemarketing campaigns, caller identification requirements, prerecorded messages, or artificial voice technology.

6. Please produce all Documents sufficient to identify every Vendor, telecommunications provider, lead generator, call center, software provider, carrier, platform provider, publisher, affiliate marketer, data broker, or other third party that participated in, facilitated, originated, transmitted, routed, transferred, monitored, recorded, or otherwise assisted with any Telemarketing activity conducted on behalf of Richard Lundgren Inc.

7. Please produce all contracts or Documents representing agreements with any Vendor, telecommunications provider, call center, carrier, lead source, publisher, affiliate marketer, data broker, software provider, or other third party involved in any telemarketing campaign conducted on behalf of Richard Lundgren Inc.

8. Please produce all training materials, manuals, presentations, certifications, recordings, and other Documents relating to TCPA compliance, National Do Not Call Registry compliance, consent requirements, internal do-not-call procedures, caller identification requirements, prerecorded messages, artificial voice technology, or Telemarketing practices.

9. Please produce all Documents sufficient to identify all lawsuits, arbitrations, administrative proceedings, regulatory investigations, government inquiries, written complaints, or demand letters during the Relevant Time Period alleging violations of the TCPA, do-not-call requirements, caller identification requirements, consent requirements, prerecorded-message requirements, or unlawful telemarketing practices.

10. Please produce all Documents containing any of the following information for each outbound Telemarketing call sent by You or Your Vendors during your relationship with Richard Lundgren Inc:

a. the date and time;

b. the caller ID;

c. any recorded message used;

d. the result;

e. identifying information for the recipient; and

f. any other information stored by the call detail records.

11. Please produce all Documents concerning the generation, qualification, transfer, sale, delivery, acceptance, rejection, payment, auditing, monitoring, or review of leads delivered to Richard Lundgren Inc.

12. Please produce all Documents concerning any audit, monitoring, review, compliance assessment, investigation, scorecard, evaluation, or performance review relating to Telemarketing conducted on behalf of Richard Lundgren Inc.

13. Please produce all insurance policies that may provide coverage for the claims asserted in this action and all Communications with any insurer concerning those claims.

14. Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

a) compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

b) obtaining or verifying prior express consent;

c) complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*

15. All communications with any third party concerning this litigation other than your attorney.

16. Produce all documents describing the criteria used to select recipients for each campaign.

Respectfully submitted,

Date: July 12, 2026

By: */s/ Anthony I. Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com

*Attorney for Plaintiff*