# EXHIBIT F

**United States District Court**
**District of Massachusetts (Boston)**
**CIVIL DOCKET FOR CASE #: 1:19-cv-12235-LTS**

Mantha v. Quotewizard.com, LLC
Assigned to: District Judge Leo T. Sorokin
Demand: $5,000,000

related Case: 1:20-cv-11209-LTS

Case in other court: USCA - First Circuit, 21-01249

USCA - First Circuit, 24-08024

Cause: 28:1331 Fed. Question

Date Filed: 10/29/2019
Date Terminated: 09/29/2025
Jury Demand: Both
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

| | | |
|---|---|---|
| 06/28/2022 | 279 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered: re 276 Joint Status report regarding dispute over class discovery.<br><br>The Court has carefully reviewed the prior discovery orders issued in this case and the joint status report submitted by the parties setting forth their present discovery disputes. Doc. No. 276. In the Court's view, some confusion has arisen regarding the scope of this second phase of discovery. Phase I discovery was limited to the individual claim advanced by the named Plaintiff. That discovery has concluded, and the Court has resolved the cross-motions for summary judgment. The current phase of discovery is Phase II. In the Court's view, Phase II encompasses all other discovery in this proposed class action. Phase II is not limited to the so-called class discovery. At the conclusion of Phase II, the Court will resolve the anticipated motion for class certification including, inter alia, the issues raised by Defendants in their earlier status report, see Doc. Nos. 270, 271. This course has been the Court's intention from very early in this litigation. Doc. No. 75 at 5 (ruling "a subsequent second phase [of discovery] addressing all other issues" would follow Phase I discovery). One (but not the only) issue dividing the parties over the |

| | | |
|---|---|---|
| | | pending discovery appears to be divergent views regarding the scope of discovery during Phase II. By this Order, the Court has resolved that apparent dispute consistent with the course it charted early on in this litigation. In light of this ruling, the parties shall confer regarding the pending discovery disputes and report back to the Court either that (a) they request the Court to resolve the disputes based upon the existing status report before the Court (Doc. No. 276) or (b) they request to present a new status report to the Court because their conferral in light of the Court's ruling has eliminated or narrowed the current discovery disputes. In either case, the parties shall report back no later than July 11, 2022. If the parties present a new status report, such report shall be filed no later than July 11, 2022, and it shall entirely replace the present status report.(Dore, Samantha) (Entered: 06/28/2022) |