**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| YOSEMIT MARRERO, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD LUNDGREN INC d/b/a LUNDGREN HONDA OF AUBURN and REACHLOCAL, INC. d/b/a LOCALIQ<br><br>Defendants. | : | Case No. 25-cv-13925 |

**JOINT MOTION TO STAY DISCOVERY**

Plaintiff Yosemit Marrero ("Plaintiff") and Defendants Richard Lundgren Inc d/b/a Lundgren Honda of Auburn and Reachlocal, Inc. d/b/a LocalIQ. (together with Plaintiff, the "Parties"), through their undersigned counsel, jointly move to stay discovery pending the Court's resolution of Defendants' forthcoming motion for judgment on the pleadings concerning whether text messages fall within the private right of action provided by 47 U.S.C. § 227(c)(5). In support, the parties state as follows:

1. Plaintiff alleges that Defendants violated the Telephone Consumer Protection Act's do-not-call provisions by sending marketing text messages to his telephone number.

2. Defendants intend to file a motion for judgment on the pleadings addressing whether text messages constitute "telephone calls" within the meaning of § 227(c)(5). Defendants have represented that they are prepared to file that motion within thirty days.

3. The issue is principally one of statutory interpretation and may be decided without further factual development.

4. Plaintiff disputes Defendants' factual contentions concerning consent, the residential use of his cellular telephone number, and his suitability to represent the proposed class. Specifically, Plaintiff denies that he completed the alleged webform, consented to receive the challenged text messages, or was seeking to purchase or sell a vehicle. Plaintiff further denies that his personal cellular telephone number is a business number or that the circumstances surrounding his receipt of the messages make his claims unique.

5. However, the parties therefore agree that staying discovery until the Court resolves the forthcoming motion will conserve the resources of the parties and the Court and avoid potentially unnecessary discovery.

6. The requested stay should apply to all discovery, including the parties' obligations to respond to discovery that has already been served. The parties will continue to comply with their respective obligations to preserve potentially relevant evidence during the stay.

7. The parties respectfully request that, within fourteen days after the Court rules on Defendants' forthcoming motion, they be required to meet and confer and submit a joint proposal concerning any remaining discovery and case-management deadlines.

WHEREFORE, the parties respectfully request that the Court stay all discovery, including all pending discovery-response deadlines, until the Court resolves Defendants' forthcoming motion for judgment on the pleadings. The parties further request that they be directed to meet and confer and submit a joint proposed schedule within fourteen days after the Court's ruling, to the extent any claims remain.

Date: September 4, 2026

*/s/ Anthony I. Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com

*Attorney for Plaintiff*

*/s/ Heather B. Repicky*
Heather B. Repicky (BBO #663347)
hrepicky@btlaw.com
BARNES & THORNBURG LLP
One Marina Park Drive, Suite 1530
Boston, MA 02210
Telephone: (617)316-5317

Mark P. Miller (*pro hac vice* forthcoming)
mark.miller@btlaw.com
Paul Olszowka (*pro hac vice* forthcoming)
paul.olszowka@btlaw.com
BARNES & THORNBURG LLP
One North Wacker Drive
Chicago, IL 60606-2833
Telephone: (312) 357-1313

*Attorneys for Defendants Richard Lundgren d/b/a Lundgren Honda of Auburn and Reach Local, Inc., d/b/a LocaliQ*