**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| YOSEMIT MARRERO, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD LUNDGREN INC. d/b/a LUNDGREN HONDA OF AUBURN and REACH LOCAL, INC. d/b/a LOCALIQ,<br><br>Defendants. | C.A. No. 25-cv-13925 |

**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants Richard Lundgren Inc. d/b/a Lundgren Honda of Auburn ("Lundgren Honda") and ReachLocal, Inc. d/b/a LocaliQ ("LocaliQ") (collectively, "Defendants") move under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings.

Plaintiff Yosemit Marrero's sole cause of action under the Telephone Consumer Protection Act ("TCPA") alleges violations of 47 U.S.C. § 227(c)(5) based exclusively on text messages sent to a cellular telephone. But, as Defendants outlined during the September 9, 2026 status conference, the Seventh Circuit held in *Steidinger v. Blackstone Medical Services*, 182 F.4th 532 (7th Cir. 2026), that § 227(c)(5) applies only to "telephone calls"—not text messages. Five district court cases in four circuits have now adopted the reasoning and holding in *Steidinger*. *See Brown v. Hursch Grp.*, C.A. No. 26-cv-00185, 2026 WL 2906613 (D. Col. Sep. 28, 2026); *Radvansky v. 1-800-Flowers.com, Inc.*, C.A. No. 1:25-CV-2811, 2026 WL 28589562 (D. Colo. Sep. 23, 2026); *Conrad v. Hart Consumer Products*, No. 4:24-cv-307, 2026 WL 2741623 (N.D. Ala. Sep. 16, 2026); *Card v. RJ Reynolds Tobacco Holdings, Inc.*, 1:26-CV-433, 2026 WL 2673068 (M.D.N.C.

Sep. 3, 2026); *Rush v. Selectquote Ins. Srvs., Inc.*, 6:26-cv-3157, 2026 WL 2495598 (W.D. Mo. July 30, 2026). This Court, too, should apply ordinary canons of statutory construction, follow the well-reasoned decision in *Steidinger*, and hold that Plaintiff's allegations based exclusively on text messages fail to state a cause of action under § 227(c)(5).

Separately, two district courts recently have held that the protections provided under § 227(c) are limited to only "residential telephone subscribers," i.e., not cellular phone users. *See, e.g.*, *Koeller v. OxAppsec Sec., Inc.*, Case No. 4:25-cv-0641, 2026 WL 2935851 (E.D. Mo. Sept. 30, 2026); *Anthony v. Brian Mktg. Grp.*, Case No. 24-80800-CIV, 2026 WL 2685650 (S.D. Fla. Sept. 11, 2026). Because Plaintiff's allegations relate exclusively to messages received on his cellular telephone, they fall outside the protections afforded under § 227(c)(5) and independently doom Plaintiff's case.

The Complaint's two pleading defects are inherent in the sole cause of action asserted and cannot be cured by amendment. And under *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), and *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 606 U.S. 146 (2025), interpretations by the Federal Communications Commission ("FCC") on the meaning and scope of the TCPA cannot save Plaintiff's theory. For these reasons, as well as those set forth more fully in the accompanying Memorandum of Law, the Court should enter judgment in favor of Defendants.

Dated: October 2, 2026

*/s/ Heather B. Repicky*
Heather B. Repicky (BBO #663347)
hrepicky@btlaw.com
BARNES & THORNBURG LLP
One Marina Park Drive, Suite 1530
Boston, MA 02210
Telephone: (617)316-5317

Mark P. Miller (*pro hac vice*)
mark.miller@btlaw.com
Paul Olszowka (*pro hac vice*)
paul.olszowka@btlaw.com
BARNES & THORNBURG LLP
One North Wacker Drive
Chicago, IL 60606-2833
Telephone: (312) 357-1313

*Attorneys for Defendants Richard Lundgren d/b/a Lundgren Honda of Auburn and Reach Local, Inc., d/b/a LocaliQ*

**LOCAL RULE 7.1 CERTIFICATION**

As discussed during the September 9, 2026 status conference with the Court and Plaintiff's counsel, Plaintiff opposes the relief requested herein.

*/s/ Heather B. Repicky*

**CERTIFICATE OF SERVICE**

I certify that on October 2, 2026, this document, filed through the ECF system, will be sent electronically to the parties or their counsel who are registered participants as identified on the Notice of Electronic Filing and, if not so registered, that paper copies will be emailed to such parties or their counsel.

*/s/ Heather B. Repicky*